BAKER *v.* ROSCOMMON COUNTY ROAD COMMISSION.

1. HIGHWAYS AND STREETS—SUMMER RESORT ASSOCIATIONS—TOWNSHIPS—COUNTIES.

A summer resort association does not have control over the streets in its plat to the exclusion of both township and county highway authorities for purposes of repair (CL 1948, § 455.211).

2. DEDICATION—ACCEPTANCE—TIME—CONTINUING OFFER.

The acceptance of a dedication of streets in a plat must be made within a reasonable time and what shall be considered

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 5, 10] 25 Am Jur, Highways, § 53 *et seq.*
[2] 16 Am Jur, Dedication, §§ 39–41.
[2, 4] Dedication: Time for acceptance.  66 ALR 321.
[2–4, 7, 8] Validity and construction of regulations as to subdivision maps and plats.  11 ALR2d 524.
[2–4, 7, 8] Defective or incomplete statutory dedication as common-law dedication where accepted by public.  63 ALR 667.
[3] 25 Am Jur, Highways, § 111.
[4, 7, 8] 16 Am Jur, Dedication, §§ 35–37, 74.
[5] 16 Am Jur, Dedication, § 57.
[6] 25 Am Jur, Highways, § 117 *et seq.*
[6] Necessity for adhering to statutory procedure prescribed for vacation or discontinuance of street or highway.  175 ALR 760.
[9, 10] 1 Am Jur, Adverse Possession, § 106; 25 Am Jur, Highways, § 112.
[9, 10] Alteration or relocation of street or highway as abandonment or vacation of parts not included.  158 ALR 543.
[11] 41 Am Jur, Pleading, § 381.
[12] 14 Am Jur, Costs, § 97.

such a time must be largely governed by the surrounding circumstances and so long as the original proprietor or those claiming through him take no steps to withdraw the offer, it is considered as continuing.

3. HIGHWAYS AND STREETS—PERPETUATION OF TRAIL ROAD—PLATTED STREET.

Whether or not there was a formal and timely acceptance of a plat in which streets were laid out and dedicated to public use is not controlling as to whether or not street was a public highway where it was but a perpetuation of an old trail road which had been used for many years before summer resort association and some lot owners sought to enjoin public authorities from exercising control over such thoroughfare (CL 1948, § 221.20).

4. DEDICATION—ACCEPTANCE BY USER—IMPROVEMENT OF STREET.

Acceptance of thoroughfare dedicated on plat as a street by user so as to constitute it a public highway was effected by reason of use by the public for at least 25 years before summer resort association and some lot owners sought to enjoin county road commission from making improvements and repair work on such platted thoroughfare within their plat together with the fact that it had been repaired and improved from time to time at public expense and had been taken over by county road commission for care and control (CL 1948, § 221.20).

5. HIGHWAYS AND STREETS—PLATS—DEDICATION—PARALLEL HIGHWAY.

Platted thoroughfare was properly decreed a public highway within the jurisdiction and control of county road commission, where, notwithstanding construction of another road by county more or less parallel thereto and but from 130 to 250 feet away, plaintiff lot owners had purchased their lots with reference to the dedicated thoroughfare and it had long theretofore been accepted (CL 1948, §§ 221.20, 455.211).

6. SAME—VACATION—STATUTES—INJUNCTION.

The method provided by statute for the vacation of a highway may not be circumvented by resort to proceedings to enjoin public highway authorities from exercising control over such highway and make improvements thereon (CL 1948, § 224.18).

7. DEDICATION—ACCEPTANCE—IMPROVEMENT OF PORTION OF HIGHWAY.

A municipality's acceptance of an offer to dedicate a highway need not be formal and the making of improvements and

repairs on any portion of the street may be amply sufficient to constitute acceptance.

8. SAME—INFORMAL ACCEPTANCE BY IMPROVEMENT OF HIGHWAY.
An offer to dedicate, contained in a plat, may be accepted informally by the public through user or expenditures of public money for the repair, improvement and control of the highway.

9. ADVERSE     POSSESSION—ENCROACHMENT—DEDICATION—IMPROVEMENT OF HIGHWAY.
Title by adverse possession to land dedicated for use as public street may not be acquired where, notwithstanding some encroachment, other portions of the street have been improved and used.

10. HIGHWAYS AND STREETS—IMPROVEMENT—SUMMER RESORT PLAT.
County road commission was entitled to open, repair and maintain northerly portion of 2 streets, where southerly portion in the summer resort plat, had been improved and used and disputed portion provided direct access to lake, notwithstanding there had been some encroachment by adjoining lot owners and only pedestrian use of the northerly ends.

11. JUDGMENT—HIGHWAYS—PLATS.
Provision of decree that "other platted streets" within summer resort corporation's area were public streets subject to jurisdiction and control of county road commission was too broad, where not within scope of pleadings or proofs and not submitted to trial court as a controverted issue, hence must be stricken.

12. COSTS—EACH PARTY PREVAILING IN PART.
No costs are allowed on appeal and cross appeal where each party has prevailed in part.

Appeal from Roscommon; Shaffer (John C.), J. Submitted January 2, 1951. (Docket No. 14, Calendar No. 44,723.) Decided March 1, 1951.

Bill by Frank S. Baker and others against Roscommon County Road Commission and others to restrain work on certain roads. Decree entered giving plaintiff part of relief asked. Defendant Road

Commission appeals. Plaintiffs cross-appeal. Affirmed in part, reversed in part.

*Melvin A. Freel* (*Wm. C. Brown,* of counsel), for plaintiffs.

*Charles H. Miltner* and *Savidge & Sahlin,* for defendants.

NORTH, J. The plaintiffs herein are individual owners of lots in Shoppenagon Lodge plat, primarily a resort property, in Lyon township, Roscommon county, Michigan, and Shoppenagon Lodge Lake Shore Corporation, organized in 1941 pursuant to PA 1929, No 137, as amended. See CL 1948, § 455.201 *et seq.* (Stat Ann and Stat Ann 1949 Cum Supp § 21.751 *et seq.*). The individual plaintiffs are members of the corporation, which claims to be possessed of certain rights in a portion of the Shoppenagon Lodge plat. This Shoppenagon Lodge plat, recorded in 1901, is composed of a large number of lots. It is bounded on the north by Sam-o-set boulevard, which extends for a considerable distance along and in a general way adjacent to the south shore of a portion of Higgins lake. As laid out on the plat this boulevard is 66 feet wide. On the east side and on the west side of the plat, as dedicated, there is a north and south street extending the full length of the plat, and 3 other north and south streets in the interior of the plat, as laid out, extend south from Sam-o-set boulevard on the north of the plat completely across the plat to its south boundary. Intersecting east and west streets divide the plat into 45 blocks. Lone Pine street, extending east and west, at the locations where it intersects 2 of the north and south streets, Bismark boulevard and Earl avenue, is approximately 600 feet south of Sam-o-set boulevard. This litigation concerns only

Sam-o-set boulevard on the north of the plat and that portion of Bismark boulevard and Earl avenue, respectively, which is between Sam-o-set boulevard and Lone Pine street. The noted portions of Bismark boulevard and Earl avenue had not been opened or improved for vehicular traffic prior to this litigation. There had been no work done or public moneys expended incident to improving these portions of Bismark boulevard or Earl avenue. The contour of the land rendered highway construction difficult, and possibly somewhat impracticable.

Briefly stated the primary issue in this case is: Who, as between plaintiffs and the Roscommon county road commission, has the right of control over the portions just above noted of Sam-o-set boulevard, Bismark boulevard, and Earl avenue? By their bill of complaint plaintiffs sought an injunction to restrain the Roscommon county road commission and the township of Lyon from further road improvement and repair work on Sam-o-set boulevard and from opening the designated portions of Bismark boulevard and Earl avenue and from taking jurisdiction over or control of these portions of the highways as laid out on the Shoppenagon Lodge plat.

Defendant Roscommon county road commission contends that these portions of the highways as shown on the Shoppenagon Lodge plat are public highways and under the jurisdiction of the county road commission by reason of their original dedication and their acceptance by the public, by user under the statute, and by their having been taken over by the county road commission and their certification as county roads. See CL 1948, § 247.1 et seq. (Stat Ann § 9.141 et seq.).

In the circuit court it was decreed that Sam-o-set boulevard was and is a public street both by virtue of acceptance of its dedication and by continuous

public user over a long period of years; that the other streets designated in the Shoppenagon Lodge plat were, with certain stated exceptions, also public streets or highways within the jurisdiction of the Roscommon county road commission; and, notwithstanding the claim to the contrary of plaintiff corporation, it did not have control over Sam-o-set boulevard to the exclusion of public authorities; but as to the portion of Bismark boulevard and Earl avenue above noted, it was decreed that because of nonuser and nondevelopment of these portions of those platted highways, they were no longer public streets, having been abandoned as such.

Defendant Roscommon county road commission appealed, but none of the other defendants appealed. Plaintiffs took a cross appeal. We first consider the holding of the circuit judge which in effect was that as to Sam-o-set boulevard plaintiffs were not entitled to injunctive relief against the county road commission or the township of Lyon whereby they would be enjoined from improving or repairing the designated portion of this highway. Respecting this phase of their cross appeal, plaintiffs make the following claims:

(1) As above noted, plaintiff Shoppenagon Lodge Lake Shore Corporation was organized under PA 1929, No 137; and it claims that by virtue of that act it has control of the streets in the plat to the exclusion of both township and county authorities. The answer to this untenable contention is found in section 11 of the act, from which we quote:

"The corporation shall have jurisdiction over the streets and highways passing through or over such lands: Provided always, That the right of the public to control, repair and use all such highways and streets as are necessary for the public travel through or across said lands, shall not be affected hereby." CL 1948, § 455.211 (Stat Ann § 21.761).

(2) As applied to Sam-o-set boulevard plaintiffs' contention that since there was no formal acceptance of the dedication of the plat, which was recorded in 1901, within a reasonable time, the public acquired no rights in this platted highway, is without merit.

"While an acceptance of a dedication of streets in a plat must be made within a reasonable time, what shall be considered such a time must be largely governed by the surrounding circumstances and so long as the original proprietor or those claiming through him take no steps to withdraw the offer, it is considered as continuing." *In re Petition of Bryant* (syllabus), 323 Mich 424.

Plaintiffs, at least in part, rely upon PA 1881, No 243, § 22, as re-enacted by PA 1909, No 283, § 22, which provides:

"Every public highway already laid out, or hereafter to be laid out, no part of which shall have been opened and worked within 4 years after the time of its being so laid out, shall cease to be a road for any purpose whatever." CL 1948, § 221.22 (Stat Ann § 9.23).

As applied to Sam-o-set boulevard it is not at all controlling as to whether there was a formal and timely acceptance of the Shoppenagon Lodge plat. There is an abundance of convincing testimony in support of the circuit judge's finding that the portion of Sam-o-set boulevard within this plat is but a perpetuation of an old trail road, known as the lake shore road, which for at least 25 years before this suit was started, and many years before any of the plaintiffs acquired an interest in the platted property, had extended along this portion of the lake shore in practically the same location now occupied by Sam-o-set boulevard; that this road had been used continuously by the public up to the time this suit was started; that from time to time it had been

repaired and improved at public expense; and that in April, 1940, and prior to the instant suit, this highway, along with others in Lyon township, was taken over for care and control by the Roscommon county road commission. Clearly there has been acceptance by user. See *Neal* v. *Gilmore,* 141 Mich 519.

"All highways regularly established in pursuance of existing laws, all roads that shall have been used as such for 10 years or more, whether any record or other proof exists that they were ever established as highways or not, and all roads which have been or which may hereafter be laid out and not recorded, and which shall have been used 8 years or more, shall be deemed public highways." CL 1948, § 221.20 (Stat Ann § 9.21).

(3) A further claim of plaintiffs is that Sam-o-set boulevard in Shoppenagon Lodge plat had become an abandoned highway, because the county in 1926 constructed through the plat a black-top road about 130 feet south of Sam-o-set boulevard at the point where the county road intersects Bismark boulevard, and approximately 250 feet south of Sam-o-set boulevard at the point where the county road intersects Earl avenue. Between Bismark boulevard and Earl avenue this more recent county highway practically coincides with Baker street as laid out on the Shoppenagon Lodge plat. We think that the circuit judge properly refused to accept this contention urged by plaintiffs as stated in his decree, from which we quote:

"The said county road laid out about the year 1926 through said plat did not work a substitution for and an abandonment of Sam-o-set Boulevard, and although the existence of Sam-o-set as a public street between the lake and the property of certain owners of resort lots might create a hazard, the desirability or necessity of such a road is not for

:this court's consideration and all purchasers of lots
had due notice of the existence of such a platted
street (Sam-o-set boulevard), since their lots were
purchased by reference to the plat showing such a
street."

We conclude that in respect to Sam-o-set boule-
vard the circuit judge properly refused in effect to
grant the injunctive relief sought by plaintiffs and
that he rightfully decreed Sam-o-set boulevard as
laid out on the Shoppenagon Lodge plat was and
is a public highway which is "within the jurisdic-
tion and control of the Roscommon county road com-
mission."

The remaining issue in this case as tried in the
circuit court is the status of those portions of Bis-
mark boulevard and Earl avenue extending north
from Lone Pine street to Sam-o-set boulevard.   The
circuit judge decreed that these portions of these
2 highways "are no longer public streets."   It is from
this part of the decree that the Roscommon county
road commission has appealed.

The following, which in its factual aspect is sup-
ported by testimony, is embodied in the circuit
court's decree:

"The court further finds as to those portions of
Bismark and Earl avenues lying between the paved
county road and Lone Pine street, that there exists
a steep hill which crosses both Bismark and Earl,
making the improvement of that portion of said
streets impractical and expensive and it does not
appear that there has been any user by the public
nor any public funds expended on those portions of
Bismark and Earl extending north of Lone Pine
street; that there has been use made by adjoining
lot owners inconsistent with the existence of a high-
way on such portions of Bismark and Earl, such as
the construction of fences, buildings and other struc-
tures in the highway area, and the court fur-

ther finds that the offer to dedicate those portions of Bismark and Earl north of Lone Pine street was not accepted by the public authorities within a reasonable time, that the use and occupation by adjoining lot owners shows a purpose to revoke the offer to dedicate, and hence the aforesaid portions of Bismark and Earl, as platted, are no longer public streets."

Notwithstanding the foregoing, we think the trial judge was in error in decreeing that the designated portions of these 2 highways "are no longer public streets." It is obvious that if the portion of the decree now under consideration were to be affirmed, plaintiffs would have in effect accomplished the vacating of the respective portions of Bismark boulevard and Earl avenue. At least they would have foreclosed any right of the Roscommon county road commission to open, improve or maintain these portions of the 2 highways as laid out on the plat. The statute (CL 1948, § 224.18, as amended by PA 1949, No 206 [Stat Ann 1949 Cum Supp § 9.118]) provides in express terms the method by which a highway may be vacated; and the provided procedure should not be circumvented by resort to injunctive proceedings, as attempted by plaintiffs in the instant case. It clearly appears from the record that on the portions of Bismark boulevard and Earl avenue south of Lone Pine street, which are much more extensive than the portions of these streets north of Lone Pine street, there has been work and improvements at public expense, and travel by the public. And there is credible testimony that at least the portion of Bismark boulevard under consideration has been used during summer months by pedestrians as a route available to reaching the lake from the area south of Lone Pine street. The legal aspect, and to some extent the factual aspect, of the instant case is so similar to those in *Olsen* v. *Village of Grand Beach,*

282 Mich 364, that in the main we might rely solely thereon for decision herein.   For the purpose of brevity we make reference to our opinion as a whole in the *Olsen Case,* rather than pointing out its controlling applicability.   Among others of our decisions which we deem pertinent to and quite controlling of the aspect of the instant case now under consideration, we note and quote from the following:

"As to what will constitute a sufficient acceptance of an offer to dedicate, it is settled in this State that it is not necessary that any formal action be taken by a municipality in order to constitute an acceptance of the highway or street, but making improvements and repairs and user thereof, *or any portion thereof,* are amply sufficient to constitute acceptance." *Crosby* v. *City of Greenville,* 183 Mich 452, 461.

"The law is clear in Michigan that the offer to dedicate contained in a plat may be accepted informally by the public through user or expenditures of public money for the repair, improvement and control of the highway." *Hooker* v. *City of Grosse Pointe,* 328 Mich 621, 630.

See, also, *Adams* v. *Iron Cliffs Co.,* 78 Mich 271 (18 Am St Rep 441); *Ann Arbor Lodge No. 325, Benevolent & Protective Order of Elks,* v. *City of Ann Arbor,* 242 Mich 340; *Village of Riverview* v. *A. G. Liggett & Sons Co.,* 253 Mich 23.

No attempt was made at any time by those who dedicated Shoppenagon Lodge plat, or anyone holding title under them, to withdraw the tender of dedication made incident to recording the same; and from maps in evidence in this case it appears that there are a very large number of owners of lots located further south on the plat than Lone Pine street whose direct means of approach to the lake shore would be either over the portion of Bismark boulevard or Earl avenue now under consideration. It may also be noted that notwithstanding some of

the adjacent property owners may have encroached upon one or the other of these 2 highways, there is no claim of title by adverse possession, and under the facts disclosed in the instant case title by adverse possession could not be acquired. Under the record before us it must be held that the portions of Bismark boulevard and Earl avenue north of Lone Pine Street are public highways as laid out on the Shoppenagon Lodge plat, and the county road commission has a right to open, repair and maintain them as such.

As an additional ground of appellants' cross appeal, the following is stressed. The recital in the circuit judge's decree that "the other platted streets (excepting the controverted parts of Bismark boulevard and Earl avenue) within that portion of the plat of Shoppenagon Lodge included in the boundaries of plaintiff Shoppenagon Lodge Lake Shore Corporation are public streets or highways within the jurisdiction and control of the Roscommon county road commission" is too broad and should not be embodied in the final decree in this case. Except as to the noted portions of Sam-o-set boulevard, Bismark boulevard and Earl avenue, the control or authority of the highways in this plat was not within the scope of the pleadings or proofs and was not submitted to the trial court as a controverted issue. The provision in the decree just above quoted should not have been included therein.

The decree of the trial court, insofar as it is applicable to Sam-o-set boulevard, is affirmed, but otherwise it is reversed. A decree may be entered in this Court in accordance herewith. Since each of the appealing parties has prevailed in part, no costs will be awarded.

Reid, C. J., and Boyles, Dethmers, Butzel, Carr, Bushnell, and Sharpe, JJ., concurred.