SHERIDAN DRIVE ASSOCIATION
*v.*
WOODLAWN BACKPROPERTY OWNERS ASSOCIATION

1. JUDGMENT—RES JUDICATA—IDENTITY OF CAUSES OF ACTION—EVIDENCE.

 The test, in applying the doctrine of *res judicata,* for determining identity of two causes of action is that if the same facts or evidence would sustain both, the two are considered the same within the rule that the judgment in the former is a bar to the subsequent cause of action; but if the two rest upon different facts or evidence, a judgment in one is no bar to the maintenance of the other.

2. JUDGMENT—RES JUDICATA—IDENTITY OF CAUSES OF ACTION.

 A judgment determining that property owners in a subdivision had the right to use a certain road contiguous to a lake and not determining the riparian rights of property owners abutting the road did not operate as *res judicata* in a subsequent action between abutting owners and other owners to determine riparian rights in the lake.

3. WATERS AND WATERCOURSES—RIPARIAN RIGHTS—PUBLIC ROADS.

 An owner of land separated from a lake only by a public road has riparian rights in the lake.

4. WATERS AND WATERCOURSES—HIGHWAYS—PUBLIC ACCESS.

 The public generally has access to a lake at a point where a highway dead-ends at the lake.

Appeal from Roscommon, Dennis J. O'Keefe, J. Submitted Division 3 April 8, 1970, at Grand Rapids. (Docket No. 7176.) Decided December 9, 1970.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 46 Am Jur 2d, Judgments §§ 407, 415.
[3] 56 Am Jur, Waters §§ 273, 282.
[4] 56 Am Jur, Waters § 58.

Complaint by Sheridan Drive Association against Woodlawn Backproperty Owners Association to enjoin defendants from trespassing and usurping their riparian rights. Judgment for plaintiffs. Defendants appeal. Affirmed.

*Green & Maples,* for plaintiffs.

*James N. McNally,* for defendants.

Before: HOLBROOK, P. J., and BRONSON and E. W. BROWN,* JJ.

E. W. BROWN, J.   As the late Judge WATTS of this Court observed in a related case, *Michigan Central Park Association* v. *Roscommon County Road Commission* (1966), 2 Mich App 192, "The seeds for the action here being appealed were sown back at the turn of the century when the land involved, lying along Higgins Lake, was platted". Here, as in *Michigan Central Park Association,* the plattor, in 1902, laid out lots and streets in a plat known as "Woodlawn" along the west shore of the same lake. The plat designated that all streets therein were dedicated to the public, including Sheridan Drive which is contiguous to Higgins Lake and runs north and south the entire length of the subdivision.

The plaintiffs are the owners of lots which front on Sheridan Drive. The defendants are the owners of lots to the rear and west which are not adjacent to Sheridan Drive. They are referred to as the back-lot or backproperty owners. Plaintiffs claim that they have riparian rights in the lake immediately opposite their lots because their lots border on Sheridan Drive which is contiguous to the lake shore. Plaintiffs complain that defendants have

---

* Circuit judge, sitting on the Court of Appeals by assignment.

been using land which is a part of Sheridan Drive for lounging, picknicking, launching boats, bathing, and placing docks out into the water which are attached to the shore. They seek to permanently enjoin defendants from trespassing and usurping their riparian rights.

Defendants claim that this suit should be dismissed because the 1958 Roscommon County Circuit Court case No. 1138, *Fox* v. *Phillips,* adjudicated the issues here involved. That case involved some of the same parties, some of the same issues, and the identical property here involved, excepting that in the so-called *Fox* case the plaintiffs were some of the back-lot owners and the defendants were some of the front-lot owners. The Honorable Herman Dehnke, who presided in the *Fox* case, held that the back-lot owners have the same rights as the front-lot owners to the use of Sheridan Drive and the access it affords to Higgins Lake. The defendants in *Fox* were enjoined from "in any way interfering with the use of Sheridan Drive in such subdivision and the access it affords to Higgins Lake by the plaintiff".

The present case was submitted to the late Honorable Rupert B. Stephens, acting in Roscommon County, on a sketchy stipulation of facts. No testimony was taken. Before a decision was rendered Judge Stephens died and counsel agreed that the case be submitted to the presiding judge Honorable Dennis J. O'Keefe for decision. The stipulated facts may be summarized as follows:

1. Sheridan Drive is incorporated into the Roscommon County road system.

2. As originally platted in 1902 Sheridan Drive varied in width from 56 to 66 feet. There may be some change in width due to accretion or erosion.

3. Four of the present plaintiffs were defendants in the *Fox* case in 1958.

4. It is agreed that the sole question to be decided is whether or not plaintiffs have riparian rights in and to the shore of Higgins Lake, such rights being derived from the common law as judicially construed by the courts of this state.

5. It is agreed that if the *Fox* case is not determinative of the issues then there have been actual trespasses upon plaintiffs' riparian rights. However, should the court determine this case on the basis of the *Fox* case then there would be no infringement of the plaintiffs' riparian rights.

On January 29, 1969, Judge O'Keefe entered a judgment. He found: (1) that there is no intervening land between Sheridan Drive and the lake; (2) that the defendants' lots are not contiguous to either the road or the lake; (3) that the 1958 Roscommon Circuit Court action, *Fox* v. *Phillips*, did not adjudicate the issues presented in this case; (4) that plaintiffs have riparian rights in the shore of the lake; (5) that defendants and the public in general have been trespassing on the beach without right, in derogation of plaintiffs' riparian rights; (6) that defendants and the public must cease and desist from using Sheridan Drive as a public beach; and (7) Sheridan Drive is a public road. In consequence of these findings the judgment restrained defendants from trespassing on the beach except at certain points where the various streets terminate at the shore of Higgins Lake. The judgment also ordered plaintiffs to remove all obstructions within the road as presently used, and that it be opened to the public as a thoroughfare.

The issues here involved may be stated as follows:

1. Is the *Fox* case determinative of the instant case by the principle of *res judicata?*

2. Did the trial court err in determining that plaintiffs have riparian rights along the shore of Higgins Lake?

The test to determine the applicability of the principle of *res judicata* is whether the same evidence is used to sustain both subjects of litigation. As stated in *Rose* v. *Rose* (1968), 10 Mich App 233, 236:

"The test for determining identity of claims is set forth in 30A Am Jur, Judgments, § 365, p 407:

" 'In the application of the doctrine of *res judicata,* if it is doubtful whether a second action is for the same cause of action as the first, the test generally applied is to consider the identity of facts essential to their maintenance, or whether the same evidence would sustain both. If the same facts or evidence would sustain both, the two actions are considered the same within the rule that the judgment in the former is a bar to the subsequent action. If, however, the two actions rest upon different states of facts, or if different proofs would be required to sustain the two actions, a judgment in one is no bar to the maintenance of the other.' "

A reading of the *Fox* decision discloses that it merely adjudicated the question of the rights of owners of property in Woodlawn Subdivision to use Sheridan Drive. It did not determine plaintiffs' riparian rights. Since this determination was not made in *Fox,* the question is not governed by the principle of *res judicata.* The doctrine of *res judicata* applies only when the issues and the parties or their privies in the prior litigation are identical. *Tucker* v. *Rohrback* (1864), 13 Mich 73; *Reid* v. *Gooden* (1937), 282 Mich 495. The evidence that established the existence of rights in Sheridan Drive is not the same that determines plaintiffs' riparian

rights in the lake. Hence, the principle of *res judicata* is inapplicable.

As previously noted, the trial court found that "there is no intervening land between the easterly border of Sheridan Drive and the said lake". This finding is supported by the map of the plat of Woodlawn attached to plaintiffs' complaint which shows Sheridan Drive following the shore line of Higgins Lake and contiguous to it. Under such circumstances the law of Michigan seems to be settled that the owner of the land separated from a lake by only a public road has riparian rights in the lake. In *Croucher* v. *Wooster* (1935), 271 Mich 337, 342, the Court said in part:

"Since lot 26 fronted upon the highway at a place where there was no land intervening between the lake and the opposite side of the highway, the conveyance of the lot on the south side carried with it, subject to express limitations appearing therein, the same riparian rights on the opposite side of the highway as it would had the lot itself been contiguous to the shore line."

At page 345 of the opinion the Court concluded:

"The instant case being one of first impression in this jurisdiction, we adopt the rule of law announced in the decisions first above cited as being more acceptable and based upon sounder reasoning than the opposite holding. It follows that because of their ownership in fee of lot 26 on the southerly side of the highway, there being no land intervening between the northerly side of the highway and the water's edge, the Woosters, in the absence of an intent appearing to the contrary, are possessed of riparian rights in the lake immediately opposite lot 26."

This determination was applied to the very lake in question by this Court in *Michigan Central Park Association, supra,* where it was said at p 197:

"The basic issue then is whether or not members of plaintiff association have riparian rights in Higgins Lake as owners of lots abutting Michigan Central Park Boulevard.   *   *   *

"That court further found that the plaintiff Michigan Central Park Association of Higgins Lake and all other abutting property owners have riparian rights along the shore of Higgins Lake, each lot owner having riparian rights in the shore and lake opposite his lot.   This finding of the court below is squarely supported by *Croucher* v. *Wooster* (1935), 271 Mich 337, and the New York case of *Johnson* v. *Grenell* (1907), 188 NY 407 (81 NE 161, 13 LRA NS 551) cited therein.   (In both of those cases, the lots involved were part of a plat: the road in the Michigan case had been established by user, while that in the New York case had been dedicated by the plat.)   The only exception to the above general proposition found by the lower court is where there is land in private ownership lying between Michigan Central Park Boulevard and the lake, riparian rights belong to the owners of such lands and not to the owners of lands on the opposite side of the boulevard."

The plat of Woodlawn indicates that there are a number of streets in the subdivision which run east and west, intersecting Sheridan Drive at right angles.   Thus the lake front is the terminus of such streets.   Defendants and the public generally have access to Higgins Lake at such points. *Backus* v. *The City of Detroit* (1882), 49 Mich 110.   It is seemingly settled in Michigan that one whose property is separated from a navigable lake solely by a public street or highway has riparian rights in that lake.   Thus each lot owner in plaintiff association

has riparian rights in the shore and lake opposite his lot, which rights they can exercise exclusively.

The judgment of the lower court is affirmed. Costs to plaintiff.

All concurred.