KEMPF v ELLIXSON
PLANCK v SERUM
SERUM v PLANCK

1. WATERS AND WATER COURSES—RIPARIAN RIGHTS—HIGHWAY SEPA-
   RATING LOT FROM LAKE.

   Riparian rights attach where no appreciable amount of land
   intervenes between the water and the highway abutted by the
   lots for which riparian rights are claimed; and such rights are
   shown where the highway right of way extends into the lake
   itself.

2. WATERS AND WATER COURSES—RIPARIAN RIGHTS—LIMITATIONS.

   An express limitation is required to prevent riparian rights from
   attaching to lots abutting a waterfront highway.

3. EASEMENTS—PUBLIC EASEMENTS—PRESCRIPTION—PUBLIC RECREA-
   TIONAL RIGHTS.

   The establishment of a public recreational right by prescription
   requires, at a minimum, governmental action to facilitate and
   control recreational use; recreational use alone by various
   individuals over a period of years is insufficient to establish a
   public easement.

Appeal from Roscommon, Carl L. Horn, J. Sub-
mitted March 3, 1976, at Lansing. (Docket Nos.
21931–21933.) Decided May 28, 1976.

Complaints by Robert F. Kempf and John P.
Kempf against Edwardine Ellixson and by Verne
V. Planck and Mary N. Planck against Louis H.
Serum, and others, for an injunction to prevent

REFERENCES FOR POINTS IN HEADNOTES
[1] 78 Am Jur 2d, Waters §§ 269–273.
[2] 78 Am Jur 2d, Waters § 263.
[3] 59 Am Jur 2d, Parks, Squares, and Playgrounds § 21.

trespass upon riparian rights. Judgment for plaintiffs. Defendants appeal. Affirmed.

Complaint by Louis H. Serum, and others, against Verne V. Planck, and others, for a declaration that riparian rights to certain lands were either public or had been acquired by adverse possession. Judgment for defendants. Plaintiffs appeal. Affirmed in part, and remanded for further findings of fact.

*Fortino, Plaxton & Moskal,* for Robert F. Kempf and John P. Kempf and Verne V. Planck and Mary N. Planck.

*Carl M. Weideman, Jr.,* for Edwardine Ellixson, Louis H. Serum, and other back lot owners.

*Charles H. Miltner,* for Board of Road Commissioners of Roscommon County.

Before: D. F. Walsh, P. J., and J. H. Gillis and R. M. Maher, JJ.

Per Curiam. Three actions involving riparian rights in a portion of the shore of Higgins Lake were consolidated below. In each case, owners of lots along Sam-O-Set Boulevard, which runs along the shore, contested the use of the lakeshore by owners of lots behind theirs and by the public.[1]

---

[1] In case #21931 on appeal, plaintiffs Robert F. and John P. Kempf sought an injunction against defendant Edwardine Ellixson restraining her from trespassing upon their riparian rights. Defendant Ellixson had placed a dock on the shore of Higgins Lake in front of plaintiffs' property. Plaintiffs prevailed below.

In case #21932 on appeal, plaintiffs Verne V. and Mary N. Planck sought injunctive relief against several defendants. Defendants were using the waterfront across Sam-O-Set Boulevard from plaintiffs' property for dock and hoists. Plaintiffs prevailed below.

In case #21933 on appeal, the defendants in case #21932 brought an action against various individuals owning land fronting on Sam-O-

"Back lot" owners and other individuals had constructed a number of docks out from the shore. The trial court's judgment ruled that the front lot owners held riparian rights in the shore, and rejected the various claims advanced by the back lot owners.[2] The back lot owners have appealed. We affirm in part and remand for further findings of fact.

Appellants use the fact that the Sam-O-Set right of way goes beyond the shoreline into the lake in some places as a basis for several arguments against giving the front lot owners riparian rights.

They first argue that, because the shoreline and the right of way boundary do not always coincide, the rule that riparian rights attach to land separated from a body of water by a highway should not be applied here. In the Supreme Court opinion adopting this rule, *Croucher v Wooster,* 271 Mich 337; 260 NW 739 (1935), and in the opinions of this Court applying it, *Michigan Central Park Association v Roscommon County Road Commission,* 2 Mich App 192; 139 NW2d 333 (1966), and *Sheridan Drive Association v Woodlawn Backproperty Owners Association,* 29 Mich App 64; 185 NW2d 107 (1970), the lack of an "appreciable amount of land lying between the highway and the lake", *Croucher,* 271 Mich at 342, is emphasized. The fact crucial to application of the rule, *i.e.* no land intervening between the water and the highway

Set Boulevard, Shoppenagon Lodge Lakeshore Corporation and the Board of Road Commissioners of Roscommon County. A declaration that the riparian rights along Sam-O-Set were either public or had been variously acquired by adverse possession was sought. The relief sought was not granted.

[2] Though persons other than those owning land in the subdivisions adjacent to Sam-O-Set Boulevard were opposing the front lot owners, ownership of land in these subdivisions was not crucial in the claims advanced. For convenience we will call everyone other than front lot owners a back lot owner.

abutted by the lots for which riparian rights are claimed, is certainly shown when the highway right of way extends into the lake. The trial court correctly refused to distinguish *Croucher* on the grounds offered.

Contrary to appellants' assertion, *Cass County Park Trustees v Wendt,* 361 Mich 247; 105 NW2d 138 (1960), offers little support for their position. *Wendt* merely affirmed the grant of an injunction against interference with public rights in a lake-shore highway that an earlier, unappealed judgment had established.

Appellants' other argument involving the location of the Sam-O-Set right of way in relation to the shoreline is equally without merit. Despite no express mention of riparian rights in the plats in which the boulevard was dedicated, appellants argue that placement of the boundary of the boulevard in the water indicates an intention to create rights in the public to use the dedicated area not only for travel but also for waterfront recreation. We do not see an intent to expand the nature of the dedication beyond one for a roadway. On the contrary, the opinion in *Croucher* requires an *express limitation* to prevent riparian rights from attaching to lots abutting a waterfront highway.

In *Baker v Roscommon County Road Commission,* 329 Mich 671, 679; 46 NW2d 579 (1951), the Supreme Court affirmed a lower court ruling that "Sam-O-Set boulevard as laid out on the Shoppenagon Lodge plat was and is a public highway which is 'within the jurisdiction and control of the Roscommon county road commission' ". Appellants have not presented a cogent argument for finding that Sam-O-Set Boulevard is not only a public highway, but also a public recreation area.

Also tried below were claims that the public and

individual back lot owners had established rights to use the waterfront area by prescription.[3]

We think it safe to say that unless there has been some action by representatives of the public, *i.e.* the government, a "public" easement cannot be established by prescription. Recreational use of an area by various individuals over a period of years is insufficient to establish a public easement.

"Not all use of beaches or shorelines gives rise to a prescriptive easement. Neither occasional use by a large number of bathers nor frequent or even constant use by a smaller number of bathers gives rise to a prescriptive right in the public to use privately owned beaches.

"There are many beaches along our entire shoreline that area *[sic]* resorted to by local residents and visitors alike without giving rise to prescriptive easements. It is only when the use during the prescribed period is so multitudinous that the facilities of local governmental agencies must be put into play to regulate traffic, keep the peace and invoke sanitary measures that it can be said that the public has acquired a prescriptive right to use privately owned beaches." *City of Daytona Beach v Tona-Rama, Inc,* 271 So 2d 765, 770 (Fla App, 1972).

For example, to establish a road as a public road by user, the Supreme Court of Michigan has required more than mere use by the public; "to establish it as such, there must also have been acceptance by the public at least by taking over control and maintenance of some portion of such road". *Bain v Fry,* 352 Mich 299, 305; 89 NW2d 485 (1958).

We believe that establishment of public recreation rights by prescription requires at a minimum governmental action to facilitate and control recre-

---

[3] While the record frequently mentions adverse possession, it appears that acquisition of easements by prescription, rather than acquisition of title, was claimed by appellants at trial.

ational use. It does not appear that the public has established by prescription any recreation easement over the area in question.

The trial court, no doubt influenced by appellants' emphasis on the class action characteristics of these actions and also appellants' insistence upon consolidation, on which issue they finally prevailed, dismissed the individual claims of prescriptive easements offered by appellants without giving specific findings as to each claim. We have reviewed the record and find factual diversity in these claims. Our review requires assistance from the trial court in the form of findings of fact about each claim of a prescriptive easement presented at trial. We therefore remand for implementation of the record in this regard. The portions of the judgment holding that the front lot owners have riparian rights in Higgins Lake opposite their properties and that the public does not have recreation rights inconsistent with the front lot owner's riparian rights are affirmed.