WILLIAMSON v CRAWFORD

Docket No. 53194. Submitted June 3, 1981, at Grand Rapids.—Decided August 5, 1981.

> Myrtle Williamson owns a lot facing on Lake Orion. Richard J. and Freda M. Crawford own five lots adjacent to Williamson's property and operate a party store which has been in existence since 1940 on the lot immediately adjacent to Williamson's lot. A highway runs between the parties' property and the lake. A previous owner of the Crawford property constructed a dock stretching from the land situated between the highway and the lake, and in line with Williamson's lot, into the lake. The dock has been used through the years for access to the party store from the lake. Williamson bought her property in 1950 on land contract and received a deed in 1964. The deed described the property by lot number only. The original plat of the area shows no land between the highway and the lake. Over the years, the land which is the subject of this suit came into existence as the result of accretion, natural erosion and, in part, due to filling done during a sewer construction project. Myrtle Williamson filed suit in Oakland Circuit Court to quiet title to the property in question. The Crawfords filed a counterclaim to quiet title or, in the alternative, to establish a prescriptive easement for ingress and egress over the subject property. Both parties moved for summary judgment. The trial court found the existence of a prescriptive easement and granted partial summary judgment in favor of the Crawfords, reserving the question of title until trial. At trial, the court found that the subject property belonged to neither of the parties but was an extension of land designated as "Park" land

REFERENCES FOR POINTS IN HEADNOTES

[1] 78 Am Jur 2d, Waters § 260.

[2] 78 Am Jur 2d, Waters §§ 273, 277, 278.

[3] 63 Am Jur 2d, Property § 28.
  78 Am Jur 2d, Waters §§ 411, 413.

[4, 5] 25 Am Jur 2d, Easements and Licenses §§ 50, 51, 56, 60.
  Extent of, and permissible variations in, use or prescriptive easements of way. 5 ALR3d 439.

[5] 25 Am Jur 2d, Easements and Licenses § 59.

along the shoreline, Robert L. Templin, J. Plaintiff appeals.
*Held:*

1. The trial court erred. A transfer of land bordering on a highway contiguous to a lakeshore conveys the appurtenant riparian rights and land formed by accretion belongs to the adjacent riparian owner.

2. Lakeshore property created by filling done by a third party should be treated the same as natural alluvion property and should be deemed to belong to the owner of the riparian property to which it is contiguous.

3. It is impossible from the record to determine if a prescriptive easement has been established.

Reversed and remanded.

1. WATERS AND WATERCOURSES — RIPARIAN LAND.
   Land must border on the water in order to be riparian.

2. WATERS AND WATERCOURSES — RIPARIAN RIGHTS.
   A transfer of land bordering on a highway contiguous to a lakeshore conveys the appurtenant riparian rights.

3. WATERS AND WATERCOURSES — ACCRETION.
   Land formed by accretion belongs to the adjacent riparian owners.

4. EASEMENTS — PRESCRIPTIVE EASEMENTS.
   A prescriptive easement claimant must establish a use which is actual, open, notorious, continuous, and hostile for the statutory 15-year period.

5. EASEMENTS — PRESCRIPTIVE EASEMENTS — MUTUAL USE.
   Mutual use of an area will not mature into a prescriptive easement until the mutuality has ended and the adverse and hostile use continues for the statutory period.

*Paul A. Bailey,* for plaintiff.

*Scupholm, Underwood & Porritt,* for defendants.

Before: R. B. BURNS, P.J., and ALLEN and T. GILLESPIE,* JJ.

R. B. BURNS, P.J. The parties are owners of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

adjoining parcels of land in the University Subdivision located on Lake Orion, Orion Township, Oakland County. Plaintiff is the owner of lot 26. Defendants own lots 27, 28, 29, 30 and 31, which are immediately west of lot 26. All of the lots face the lake, and are bounded on the north by Heights Road, a public highway which runs generally parallel to the shoreline. It is the property located north of plaintiff's lot, between the highway and the shoreline, which is the subject of this litigation.

Defendants operate a party store on lot 27, next door to plaintiff's lot. The store has been in existence since 1940. In 1941, Charles Vanderwall, a predecessor in defendants' title, constructed a dock north of lot 26, stretching from the land north of the highway into the water. The dock and subject property have been used through the years for access to the party store from the lake.

Plaintiff acquired lot 26 by land contract in 1950, and a deed was issued in 1964. The deed did not describe the land but referred to the lot by number only.

The original plat, dedicated in 1903, shows that Heights Road ran north of lots 26 through 31, immediately adjacent to the shoreline, with no property between the road and the water. In 1950, when the plaintiff purchased lot 26, there was approximately 5 feet of land north of the road. The 1903 plat also shows a parcel of land located between the road and the shoreline, east of lot 26, near lot 23 and eastward. This land is designated on the plat as "Park". It is not clear from the record whether or not this "Park" property is contiguous to the alluvion property north of lot 26 between the road and the water.

At the present time, the subject alluvion prop-

erty is 35 feet wide—the width of lot 26—and approximately 28 feet deep at one end and 40 feet deep at the other end. Part of this land came into existence as the result of natural erosion and part is due to filling done during the construction of a new sewer.

The dock and subject property are used for access to defendant's store by approximately 200 to 300 people per week during the summer months. The noise, litter, and nuisance caused by these customers prompted plaintiff to file an action to quiet title. Defendants filed a counterclaim to quiet title or, in the alternative, to establish a prescriptive easement for ingress and egress over the subject property.

Both plaintiff and defendants moved for summary judgment under GCR 1963, 117.2(3), on the ground that there was no genuine issue as to any material fact. After oral argument the trial judge found the existence of a prescriptive easement and partially granted defendants' motion. The question of title was reserved.

After trial, the court ruled that the subject property, created by accretion after 1903, was an extension of the land designated as "Park". The trial judge did not make any specific findings of fact. However, he apparently based his ruling on a determination that the plat showed that lot 26 was bounded on the north by the highway and not by the shoreline, and that plaintiff was not, therefore, a riparian owner entitled to the alluvion property.

The trial court erred. The general rule is that, in order for land to be riparian, it must border on the water. *Rice v Naimish,* 8 Mich App 698; 155 NW2d 370 (1967). However, a well-established exception to this rule provides that a transfer of land bordering on a highway contiguous to a lakeshore

conveys the appurtenant riparian rights. *Croucher v Wooster,* 271 Mich 337; 260 NW 739 (1935).

In the present case, the 1903 plat showed no land lying between the highway and the lake. Under *Croucher,* plaintiff had riparian rights and was entitled to the alluvion property.

It is clear that land formed by accretion belongs to the adjacent riparian owners, *Hilt v Weber,* 252 Mich 198; 233 NW 159 (1930). However, there is a question whether or not property created by filling done by a third party should be treated the same as natural alluvion property.

There is no authority in Michigan dealing with this question. Other jurisdictions have generally held that such artificially created lands belong to the owner of the riparian property to which it is contiguous. *Gillihan v Cieloha,* 74 Or 462; 145 P 1061 (1915). See also 78 Am Jur 2d, Waters, § 433, pp 880-881, Anno: *Rights to land created at water's edge by filling or dredging,* 91 ALR2d 857, § 4, pp 878-884.

The subject property was created by natural accretion and by filling done during the Oakland County sewer construction project. In our opinion plaintiff is entitled to the subject property by reason of the riparian ownership of the adjacent land.

A prescriptive easement claimant must establish a use which is actual, open, notorious, continuous, and hostile for the statutory 15-year period. Mutual use of an area will not mature into a prescriptive easement until the mutuality has ended and the adverse and hostile use continues for the statutory period. *Wood v Denton,* 53 Mich App 435; 219 NW2d 798 (1974).

The trial court did not make specific findings of fact on the record and it is impossible from the

record to determine if the prescriptive easement has been established.

Reversed and remanded for proceedings consistent with this opinion.