DOBIE v MORRISON

Docket No. 200661. Submitted November 14, 1997, at Grand Rapids. Decided January 23, 1998, at 9:30 A.M.

Gerald D. and Marcella J. Dobie brought an action in the Barry Circuit Court against James and Donna Morrison and others, seeking to quiet title to a piece of property known as "the park" that borders Jordan Lake and separates the plaintiffs' subdivision lot from the lake. The plaintiffs' predecessors in interest were the plattors of the subdivision and the initial owners of the plaintiffs' lot. The plattors dedicated the park to "the use of the owners of lots in this plat which have no lake frontage." The defendants are owners of lots with no lake frontage. The court, Gary R. Holman, J., granted summary disposition for the plaintiffs with respect to the plaintiffs' contention that they were the owners of the fee and riparian rights to the park. However, the court found that the defendants had an easement, conducted a bench trial to determine the scope of the easement, and issued a judgment and order determining the respective rights of the parties under the easement. The plaintiffs appealed and some of the defendants cross appealed.

The Court of Appeals *held*:

1. The trial court's holding that the plaintiffs retained their ownership in the fee and their riparian rights to the park must be affirmed. Although the case law relied upon by the court is distinguishable and not controlling in this case, the undisputed evidence establishes that the plattors intended that the park dedication convey merely an easement, not a fee in the park, to all owners of lots that have no lake frontage and that the plattors intended to retain general control and ownership of the park.

2. The trial court's determination of the respective rights of the parties under the easement was not clearly erroneous and must be affirmed.

Affirmed.

*Jeffrey L. Youngsma*, for the plaintiffs.

UAW-GM Legal Services Plan (by *Elena C. Hansen*), for James and Donna Morrison, Donald and

Kathleen Addison, Rose and Erwin Fahrni, Neil and Shirley Gaudard, and Della Messer.

Before: MARKEY, P.J., and M. J. KELLY and WHITBECK, JJ.

PER CURIAM. The trial court held that plaintiffs are the riparian owners of the real property in question, known as "the park" located in Ottland Shores subdivision in Woodland Township, subject to defendants' easement. Plaintiffs appealed the judgment to this Court, while some defendants have cross appealed. The defendants who are participating in the cross appeal[1] essentially contend that the trial court erred in determining that plaintiffs were the owners in fee of the park. Both parties challenge the scope of the easement that the trial court found defendants have in the park. We affirm.

This action to quiet title involves the riparian rights to "the park." The southeast side of the park borders Jordan Lake and the northwest side borders lot 17 of the subdivision. Unless one considers the park to be part of lot 17, that lot does not directly border Jordan Lake. Orlo and Dorothy Fedewa, the plattors of the subdivision in 1966 and initial owners of lot 17, dedicated the park to "the use of the owners of lots in this plat which have no lake frontage." Plaintiffs are the current owners of lot 17 and the successors in interest to the plattors. Defendants are the owners of the remaining lots without lake frontage, the "back lots" as the parties refer to them.

---

[1] When in the course of this opinion we refer to the arguments and positions of defendants, we refer to those defendants who have joined in the cross appeal.

The trial court granted summary disposition in favor of plaintiffs with respect to their status as the owners of the park. However, the trial court presided at a one-day bench trial regarding the scope of the easement that it found that the back lot owners held in the park. Thereafter, the trial court issued an opinion defining the scope of the easement.

I

The first issue is whether the trial court properly determined that plaintiffs have sole riparian rights to the park. Actions to quite title are equitable in nature and are reviewed de novo by this Court. *Michigan Nat'l Bank & Trust Co v Morren*, 194 Mich App 407, 410; 487 NW2d 784 (1992). Review de novo is also appropriate because this issue was decided by the trial court as a result of plaintiffs' motion for summary disposition. *Ladd v Ford Consumer Finance Co, Inc*, 217 Mich App 119, 124; 550 NW2d 826 (1996).

Land that includes or is bounded by a natural watercourse is defined as riparian. *Hess v West Bloomfield Twp*, 439 Mich 550, 561; 486 NW2d 628 (1992). Exclusive of the park, lot 17 does not include a natural watercourse and is not bounded by a natural watercourse. However, the Michigan Supreme Court found in *Croucher v Wooster*, 271 Mich 337; 260 NW 739 (1935), that actual contact with the water is not necessarily required for riparian rights to exist. Specifically, the Court held that a lot separated from the water by a highway that is contiguous to the water is riparian land. *Id.* at 345. Although *Croucher* and its progeny involved ways dedicated to public use, the Court extended the holding to the effect that, with regard to a private right of way such as a walk-

way along the edge of a body of water, it is presumed that the owner of a lot separated from the water only by the right of way owns the land and, accordingly, has riparian rights, while others authorized to use the right of way have an easement. *Thies v Howland,* 424 Mich 282, 290-293; 380 NW2d 463 (1985). At the hearing regarding their motion for summary disposition, plaintiffs argued by analogy to *Thies* that the dedication of the park along the edge of Jordan Lake did not cut off their riparian rights, and the trial court agreed.

The facts in *Thies* involved the dedication in a subdivision plat of a twelve-foot-wide "walk" running along the lakeshore. *Id.* at 286. The plaintiffs, front lot owners, filed suit to enjoin the defendants, back lot owners, from maintaining a dock in front of their property or anchoring their boats in the lake. *Id.* at 287. The Michigan Supreme Court held that the plaintiffs were presumed to own the fee in the walk running along the front of their lots. This holding was an extension of the rule that owners of land abutting a street are presumed to own the fee in the street to the center, subject to the easement. *Id.* at 291.

Defendants distinguish *Thies* by arguing that the holding should be confined to a right of way and not extended to the park in this case. We agree that this case is not controlled by *Thies.* Although the park in this case was primarily created to provide the back lot owners with access to the lakefront, a park is not the same as a right of way. The reasoning in *Thies* was predicated on a mere walkway dividing the riparian owners from the body of water in that case. *Id.* at 289-290. We do not regard it as appropriate to compare a narrow walkway along a body of water to the relatively large park in this case. Absent a contrary

indication, it is eminently reasonable to presume that a walkway along a lake was placed merely as an easement to provide access to the lake and not with the intent to convey actual fee ownership of the land containing the walkway. The same is simply not true of the relatively large park in this case.

Nonetheless, we affirm the trial court's decision that plaintiffs retained their ownership in fee and, thus, their riparian rights, *Hess, supra* at 561, to the park because the undisputed facts in the record establish that the plattors intended that the park dedication convey merely an easement, not a fee in the park, to all back lot subdivision owners. The intent of the plattors should be determined with reference to the language used in connection with the facts and circumstances existing at the time of the grant. *Thies, supra* at 293. The dedication provided that the park was dedicated to "*the use* of the owners of lots in this plat which have no lake frontage" (emphasis supplied), but did not explicitly purport to transfer ownership of the park from plaintiffs' predecessors, the Fedewas, to all the back lot owners. We find the language used to be more consistent with the grant of an easement rather than a grant of fee ownership rights. Further, undisputed testimony that Orlo Fedewa had supplied the park with electricity, portable toilets, and picnic tables supports the conclusion that the Fedewas intended to retain general control and, accordingly, ownership of the park. This Court will not reverse a lower court's decision where it reached the correct result for a wrong reason. *Integral Ins Co v Maersk Container Service Co, Inc,* 206 Mich App 325, 332-333; 520 NW2d 656 (1994).

II

The second issue is whether the trial court improperly determined the scope of defendants' easement. In its opinion, the trial court stated that the back lot owners, essentially defendants in this case, could use the park as they had done "traditionally and historically." The trial court stated more specifically that the permissible uses included, but were not limited to, picnicking, swimming, fishing, sunbathing, constructing one dock with specified limits regarding its size and other features, walking, using a "pit fire," and using and keeping a picnic table. The opinion also limited mooring, beaching, or placing boats on the property to the period of April 1 through October 31 of each year and provided that the easement did not allow the permanent storage of boats. Plaintiffs contend that the trial court improperly allowed defendants to store boats and construct docks, while defendants essentially contend that they should be able to use the park without restrictions at least for purposes such as boating that are related to recreational use of Jordan Lake.

Defendants' rights under their easement are constrained in two different ways: first, their uses must be within the scope of the plat's dedication; second, their uses must not unreasonably interfere with plaintiffs' use and enjoyment of their property. *Thies, supra* at 289. The extent of a party's right under an easement is a question of fact. *Soergel v Preston,* 141 Mich App 585, 588; 367 NW2d 366 (1985). Thus, our review of the trial court's determination of the parties' respective rights under the easement is for clear error. *Michigan Nat'l Bank, supra* at 410 (although actions to quiet title are equitable in nature and sub-

ject to review de novo, the trial court's factual findings are reviewed for clear error). In light of our analysis of the previous issue in which we conclude that plaintiffs are the owners in fee of the park, it would be unreasonable to accept defendants' position that they should have essentially unlimited use of the park. On the other hand, we see little or no indication that the uses of the land permitted by the trial court will unreasonably interfere with plaintiffs' use and enjoyment of their property. Because we conclude that the trial court's determination of the respective rights of the parties under the easement was not clearly erroneous, we affirm its decision.

Affirmed.