*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DOUGLAS OTTO and SUSAN OTTO,

      Plaintiffs-Appellants,

v

CYNTHIA K. BATDORFER, ERICK J.
BATZDORFER, THE ERICK J. BATZDORFER
AND CYNTHIA K. BATZDORFER REVOCABLE
LIVING TRUST, DOROTHY BOUGHTON,
JAMES BOUGHTON, KIMBERLY A.
BROEKHUIZEN, SCOTT BROEKHUIZEN,
SCOTT BROEKHUIZEN TRUST, DEBORAH A.
COOK, JOHN COOK, MARILYN J. COOK,
MARK S. COOK, MICHAEL COOK, NAOMI
COOK, DANIEL JOHN COOPERRIDER, KAREN
MARIE COOPERRIDER, HAROLD J. EBERTS,
LORNA EBERTS, ELIZABETH M. GRUDZINSKI,
KENNETH H. GRUDZINSKI, A. R. GUENTHER,
RANDY GUENTHER, SUSAN HOOPER,
THOMAS E. HOOPER, JOSEPH P. JEFFREYS,
LISA L. JEFFREYS, DOYLAH K. KADLEC,
ROBERT H. KADLEC, LINDA DENISE KNIGHT,
PHILLIP S. KNIGHT, SUSAN J. LEIDEL,
JEANINE G. MCLAUGHLIN, PARK LAWN
BEACH ASSOCIATION, INC., JUDITH
PREVILLE, MICHAEL PREVILLE, GARY
RODAK, ARLENE SEELBACH, PAUL W.
SEELBACH, HANNAH J. STALHANDSKE, ,
MARY SUE WEBB, CHARITY WRIGHT,
JEFFREY WRIGHT,

              Defendants-Appellees
and

DANNY ADAMS, CINDY L. ADAMS, KIRK W.
ALDRICH, WILLIAM F. ALDRICH, ESTELLE C.

UNPUBLISHED
February 17, 2022

No.   355936
Washtenaw Circuit Court
LC No.   16-000786-CH

-1-

ALDRICH, MICHAEL A. BOWEN, SHIRLEY BOWEN, ALAN BOYCE, VIRGINIA BOYCE, BRYAN R. BRIGHTMAN, WENDY E. BRIGHTMAN, DEBRA A. CEO, THOMAS R. CEO, ANDREA CLARK, CURTIS CLARK, GEORGE W. CLARK, ARTHUR R. COBB, TACY R. COBB, ALBERTA M. COLBRY, NORMAN L. COLBRY, COLBRY FAMILY TRUST, KATHLEEN CRAMER, DOROTHEA L. DIEDRICH, DOROTHEA L. DIEDRICH TRUST, DENNIS D. DOAN, MARSY A. DOAN, MATTHEW A. DOAN, MICHELLE M. DOAN, MICHELLE M. DOAN TRUST, ELIZABETH EWALD, JOSEPH EWALD, CHRISTINE S. FRAYER, ROBERT W. FRAYER, JR., FAYE M. FREDERICK, GALE L. GORZYNSKI, MARY HAGGLUND, DAVID HALL, DUANE HALL, ELEANOR J. HALL, DUANE L. HALL AND ELEANOR J. HALL TRUST, JOAN M. HAYES, JOAN M. HAYES REVOCABLE TRUST, SHAWN HAYES, WILLIAM J. HAYES, MARGARET A. HINTZEN, MARGARET A. HINTZEN TRUST, CHERYL LYNN HOUK, DOUGLAS F. HOUK, MONICA G. HOWE, MONICA HOWE REVOCABLE TRUST, RAYMOND P. HOWE, SAMANTHA INVERARITY, INVERNESS COUNTRY CLUB, INC., JANICE K. INWOOD, JON D. INWOOD, GENE KAISER, BO HYUN KANG, GORDON G. KNIGHT, PATRICIA ANN KNIGHT, JOHANNA KOPPERT, DAVID L. LANE, DONNA E. LANE, JONATHAN F. LANE, ALICE LEDWIDGE, DAVID G. LOGAN, LINDA LOGAN, DAVID LONDON, MANNETTE LONDON, GORDON MARSHALL, SHERI MARSHALL, CAROL A. MAYER, CAROL A. MAYER TRUST, DEVERE MAYNARD, ROBERT L. MAYNARD, MARCIS D. MCCORMICK, STEVEN G. MCCORMICK, WARREN P. MCCORMICK, JAMES K. MCGINN, JULY MCGINN, NANCY J. MIDA, ROBERT E. MIDA, MIDA FAMILY TRUST, MEGHAN M. MILLER, NANCY JO MONTAGE, RONALD J. MONTAGE, MONTAGE FAMILY TRUST, ROBERTA M. MYERS, KINDSAY M. NICOSON, VALERIE R. PALADINO, LORI PERCHA, STEPHEN P. PERCHA, ETHAN L. PERKINS, MICHAEL P.

POLICHT, PROPERTY RENTALS, LLC, RABBIT
MILTON, JEANNE RIEMENSCHNEIDER,
ROBERT RIEMENSCHNEIDER, BILLY R.
ROBERTSON, MARY ANNA ROBERTSON,
ROBERTSON TRUST, DIANE M. SAKUTA,
ROBERT A. SAKUTA, DAVID M. SAVERCOOL,
GRACE R. SAVERCOOL, DIETRICH E.
SCHULZE, MARY J. SCHULZE, MARY J.
SCHULZE REVOCABLE LIVING TRUST,
DAVID A. SKILLEN, GERTRUDE E. SMITH,
GERTRUDE E. SMITH TRUST, MURRAY E.
SMITH, AMI STATON, GERALD W. STATON,
DOUGLAS SWAIN, MICHAEL SWEET,
KATHERINE L. THIELE, WENDY TIDWELL,
ADAM TILLMAN, CARRIE A. TILLMAN,
JASON R. TRUSKOWSKI, COREY R. WEID,
LYDIA R. WEID, GEORGE C. WEILAND,
GEORGE C. WEILAND TRUST, AARON A.
YORK, JENNIFER D. YORK, BARBARA C. ZIEL,
JEFFREY B. ZIEL,

         Defendants.

Before:  CAVANAGH, P.J., and JANSEN and RIORDAN, JJ.

PER CURIAM.

Plaintiffs appeal as of right the trial court's orders denying their motion for summary disposition and granting defendants-appellees' motion for involuntary dismissal after the close of plaintiffs' proofs at a bench trial in this property dispute.[1]  Because we conclude that the trial court incorrectly ruled that defendants were joint fee owners with plaintiffs of the disputed property, instead of merely holders of easement rights, we vacate the judgment in defendants' favor, reverse the denial of plaintiffs' motion for summary disposition, and remand for further proceedings.

## I.  FACTS

The subject real property is located in a subdivision in Dexter Township designated as "Park Lawn Beach Sub. No. 1."  Plaintiffs own three contiguous lots and treat them collectively as a single parcel.  The three disputed portions of the plat involve parkland and common areas designated as "Occupied Parcel" and assigned the letters "A," "B," and "C."  Parcels A and B are

---

[1] The motion was made during a bench trial, and thus, it is properly considered one for "involuntary dismissal" under MCR 2.504(B)(2).  See *Samuel D Begola Servs, Inc v Wild Bros*, 210 Mich App 636, 639; 534 NW2d 217 (1995).

part of the park abutting plaintiffs' lots, and Parcel C abuts the street fronting plaintiff's property. The original subdivision plat was recorded in 1925. It provides in relevant part that "North Lake Road as shown on said plat is hereby dedicated to the use of the public and that all other roads, drives, streets, alleys, walks and parks are hereby dedicated to the use of the lot owners in said Subdivision." Parcels A and B are part of the land designated as "parks," while Parcel C is part of the property allocated to "roads."

The dispute in this case was ignited by a survey commissioned by defendant-appellee Park Lawn Beach Association, Inc. (PLBA), a voluntary association composed of many of the lot owners in the subdivision. Plaintiffs assert that, until PLBA's survey, the subdivision owners shared access to the lake and other common areas without dispute. The survey revealed that Occupied Parcels A, B, and C, which plaintiffs claim to have treated as part of their own property, were actually part of the land dedicated to the common use of all lot owners. PLBA and some other defendants apparently wish to make use of the common lakefront park property in ways to which plaintiffs object, including installation of portable toilet and storage facilities near the lake.

Plaintiffs initially sued to quiet title of the disputed parcels in their favor on the alternative grounds of adverse possession or acquiescence. Plaintiffs later filed an amended complaint that alleged they were in fact the fee-simple owners of the parcels in question on the basis of the dedication language as well as law applicable to such dedications made before 1967, and that defendants had only easement rights. Plaintiffs thus sought declaratory relief with respect to the scope of that easement, including whether it permitted defendants to use the property in certain ways to which plaintiffs objected.

Plaintiffs moved for summary disposition, arguing that, under the applicable law in effect when the subdivision was platted, plaintiffs and other lot owners adjacent to the land dedicated in the plat "to the use of" all of the lot owners retained fee-simple title to such land, subject to an easement granted to the other owners. Defendants, on the other hand, argued that the language of the dedication granting use of the parks, roads, and other common property to all of the lot owners meant that all of the lot owners shared fee-simple title to that property. The trial court accepted defendants' position, stating, "You collectively own it. No one has fee title to it independent in front of their lot. You have no more interest or no less interest than anybody else in that subdivision and we will proceed from there." The court entered an order ostensibly denying plaintiffs' motion for summary disposition. When the case proceeded to trial, the question to whom the plat dedication granted fee title to the disputed land was not at issue; only plaintiffs' claims that they had gained title by adverse possession or acquiescence were litigated.

At the close of plaintiffs' proofs, defendants moved for a "directed verdict," arguing that plaintiffs had failed to prove their case under either adverse possession or acquiescence. The trial court granted defendants' motion, holding that plaintiffs' maintenance of the disputed property was not sufficient to put the other lot owners on notice that plaintiffs were seeking to take exclusive control "from the common group." Thereafter, the trial court entered an order of judgment dismissing plaintiffs' case. This appeal followed.

Plaintiffs argue that the trial court erred in denying their motion for summary disposition because under the applicable law in effect when the subdivision was platted, plaintiffs and other

lot owners adjacent to the land dedicated in the plat retained fee-simple title to such land, subject to an easement granted to the other owners. We agree.

## II. STANDARD OF REVIEW

A trial court's decision on a motion for summary disposition is reviewed de novo. *Titan Ins Co v Hyten*, 491 Mich 547, 553; 817 NW2d 562 (2012). Likewise, a court's determination regarding the nature and scope of property interests arising under a plat dedication is reviewed de novo as a question of law. *2000 Baum Family Trust v Babel*, 488 Mich 136, 143; 793 NW2d 633 (2010).

## III. ANALYSIS

The creation of a private dedication of land, as opposed to a dedication to the public, such as for public parks and roads, was not explicitly covered by statute until the 1967 enactment of the Land Division Act, MCL 560.101 *et seq.*[2] From 1925 through 1966, the predecessor statute was held to implicitly permit private dedications, and before 1925, statutes were silent about the propriety of such dedications. *Little v Hirschman*, 469 Mich 553, 562; 677 NW2d 319 (2004).

The applicable caselaw supports plaintiffs' position that defendants hold only easement rights in, and do not share fee-simple ownership of, the disputed parcels. This Court considered the question of ownership of a lakefront park in a pre-1967 subdivision in *Dobie v Morrison*, 227 Mich App 536; 575 NW2d 817 (1998). In *Dobie*, as here, the plaintiffs owned property adjacent to a privately dedicated lakefront park, and objected to certain proposed uses of the park and the lake by the defendants, who, like many of the defendants here, were owners of "back lot" property that was not adjacent to the lake or lakefront park. *Id*. at 537. This Court explained that a private dedication should not be construed to convey ownership in the dedicated property unless that intent can be determined from the language of the dedication. *Id*. at 539-540. In *Dobie*, as here, the dedication language provided that the park was dedicated to "the use of" the owners of the lots in the subdivision, and did not explicitly transfer ownership. Accordingly, this Court held that the dedication conveyed "merely an easement, not a fee in the park," to the other lot owners. *Id*. at 540. This is precisely the position taken by plaintiffs here—that, as the owners of land adjacent to the park, they remain fee owners of the parkland under plat language dedicating it for the "use of" the subdivision's lot owners without explicitly purporting to transfer ownership to the latter.

In *Thies v Howland*, 424 Mich 282; 380 NW2d 463 (1985), the Supreme Court considered the question of who owned fee title to a walkway that ran along a lake in front of the plaintiffs' house where the plat dedicated the walkway to the "joint use of all owners of the plat." *Id*. at 286. The Court, emphasizing that the phrase "joint use" does not "ordinarily denote the passing of a fee interest in land," held that the intention of the plattors was that the owners of the other lots obtained only easement rights by way of the dedication, and that the plaintiffs retained fee title to the walkway subject to the easement. *Id*. at 293-294.

---

[2] "The Subdivision Control Act of 1967 is now referred to as the Land Division Act, 1996 PA 591." *Grayling Twp v Berry*, 329 Mich App 133, 147 n 6; 942 NW2d 63 (2019).

In *Little*, the Supreme Court held that private dedications convey "at least an irrevocable easement in the dedicated land." *Little*, 469 Mich at 564. While defendants seize upon the phrase "at least" to argue that the phrase, standing alone, means that in this case defendants obtained a fee interest in the dedicated lands, this Court's opinion in *Morse v Colitti*, 317 Mich App 526, 543; 896 NW2d 15 (2016), rejects such an interpretation. In *Morse*, this Court explained that in the context of a pre-1967 plat that dedicated certain land "to the use of the present and future lot owners," the words "at least" meant that the plat "conveys not only an easement to lot owners generally, but an additional fee interest to the lot owners whose property lies adjacent to" the dedicated property. *Id*. at 543.

A similar principle applies to dedicated property situated between an owner's lot and a dedicated street: "Unless a contrary intent appears, owners of land abutting a street are presumed to own the fee in the street to the center, subject to the easement" granted by the dedication. *Thies*, 424 Mich at 291. Interestingly, defendants admit in their brief on appeal that "[plaintiffs] may be presumed to be a fee titled holder to the center of the dedicated road." This would also appear to be a concession that plaintiffs are the fee owners of the disputed parcel C since it directly abuts both the road and plaintiffs' lots. But despite this admission, defendants, without further explanation, assert that the trial court nevertheless properly ruled explicitly to the contrary. We decline defendants' invitation to follow suit.[3]

Defendants primarily support their position by asserting that the cases plaintiffs rely upon are distinguishable from this one for various reasons. In particular, defendants emphasize that the plat language dedicates the property in question to the use of all of the lot owners, and not just those whose lots do not adjoin the parcels at issue. But similar language appears in the caselaw plaintiffs cite, see, e.g., *Morse* and *Thies*, and in neither case was the fact that the dedication was made to all lot owners deemed to have bearing on the question whether the dedication conveyed ownership or easement interests.

Defendants also rely heavily on two Supreme Court cases involving pre-1967 plats with private dedications, but, significantly, neither held that the private dedication conveyed fee title to the dedicated land. In *Schurtz v Wescott*, 286 Mich 691; 282 NW 870 (1938), the plaintiff was the successor in interest to both her own lots and to the plattors of the subdivision in which they were located. Her position was that she was the fee owner of the plat's two parks, and she sought to exclude anyone else from using them. *Id*. at 693-694. The Supreme Court held that the other lot owners had the right to use the parks, but did not address the issue of fee ownership of the parks. Similarly, defendants' reliance on *Kirchen v Remenga*, 291 Mich 94; 288 NW 344 (1939), is misplaced because the Court did not hold that the dedication of the park at issue conveyed title to the other lot owners in the plat. In fact, it expressly acknowledged that the title had not been conveyed, but instead was subject to the other lot owners' easement rights. *Id*. at 109-110.

Defendants also rely on *Martin v Beldean*, 469 Mich 541, 544; 677 NW2d 312 (2004). But, as defendants acknowledge, the current, post-1967 version of the plat statute was at issue in *Martin*, and, because plats under the current version of the statute are construed using different

---

[3] Defendants qualify their admission by reminding this Court that the fee interest in the road is subject to the easement rights of the other lot owners, but plaintiffs do not assert otherwise.

presumptions, see *Redmond v Van Buren Co*, 293 Mich App 344, 354; 819 NW2d 912 (2011) ("a private dedication in a plat made before January 1, 1968, conveys an irrevocable easement, whereas a private dedication in a plat after January 1, 1968, conveys a fee interest"), defendants' reliance on *Martin* is misplaced.

Given the straightforward, undisputed facts regarding the plat, and the well-settled authority applicable to the plat at issue here, the plat clearly granted defendants only easement rights over the disputed property, and not fee title, which plaintiffs, as the owners of lots adjacent to the disputed parcels, retain subject to the easements. The trial court incorrectly ruled otherwise, and thus improperly denied plaintiffs' motion for summary disposition.

In light of our holding with respect to this dispositive issue, we need not address the parties' remaining issues.

We reverse the trial court's order denying plaintiffs' motion for summary disposition, and vacate the order granting defendants involuntary dismissal and judgment in their favor. We remand this case to the trial court for entry of an order granting plaintiffs' motion for summary disposition, and for further proceedings consistent with this opinion.[4] We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Kathleen Jansen
/s/ Michael J. Riordan

---

[4] We note that, because of the procedural posture of this case to date, the parties have not litigated, and the trial court has not ruled on, plaintiffs' position that some of defendants' proposed uses of the common property exceeds the scope of their easement rights. We express no opinion on that matter.